**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WORLD FUEL SERVICES, INC., <br><br> Plaintiff-counter-defendant-Appellant, <br><br> v. <br><br> ANDREW M. MARTIN, <br><br> Defendant-counter-claimant-Appellee. | No.  18-35164 <br><br> D.C. No. 3:16-cv-02303-MO <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 13, 2019**
Portland, Oregon

Before:  N.R. SMITH, WATFORD, and R. NELSON, Circuit Judges.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

World Fuel Services, Inc. appeals the district court's order dismissing with prejudice its fraudulent conveyance claims against Andrew Martin for lack of standing. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

"Congress did not give the bankruptcy court exclusive jurisdiction over all controversies that in some way affect the debtor's estate." *Chugach Forest Prod., Inc. v. N. Stevedoring & Handling Corp.* (*In re Chugach Forest Prod., Inc.*), 23 F.3d 241, 245 (9th Cir. 1994) (citation omitted); *see* 28 U.S.C. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . arising in or related to cases under title 11."). "[I]t is well settled that a bankruptcy trustee has no standing generally to sue third parties on behalf of the estate's creditors." *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005) (quotation marks, citation, and alteration omitted). Nor does the automatic stay apply to suits against non-debtors. *Solidus Networks, Inc. v. Excel Innovations* (*In re Excel Innovations, Inc.*), 502 F.3d 1086, 1095 (9th Cir. 2007); *cf. Am. Hardwoods, Inc. v. Deutsche Credit Corp.* (*In re Am. Hardwoods, Inc.*), 885 F.2d 621, 625-26 (9th Cir. 1989) (recognizing that the bankruptcy court has no power to affect the liability or obligations of a debtor's non-debtor guarantors). Thus, a bankruptcy trustee has exclusive standing only to the extent the bankruptcy debtor has an interest in the property allegedly fraudulently conveyed. *See In re Heller*

2

*Ehrman LLP*, 830 F.3d 964, 969 (9th Cir. 2016) (quoting *Begier v. IRS*, 496 U.S. 53, 58 (1990)); *see also Milby v. Templeton* (*In re Milby*), 875 F.3d 1229, 1235 (9th Cir. 2017).

World Fuel's claims are based on an allegedly fraudulent transfer of property between Evergreen Holdings—Evergreen International Aviation's (Aviation) parent company, which is not in bankruptcy—and Martin. The parties agree that Holdings is the title owner of the property at issue. The Delaware Bankruptcy Court determined that Aviation's settlement agreement with Martin did not independently give Aviation any interest in the property; rather, Aviation's claim is limited to an as-yet unresolved equitable interest asserted in the pending bankruptcy proceeding. Thus, whether Aviation has any interest in the property is a disputed question of fact.[1] Therefore, the district court erred when it determined on summary judgment that World Fuel lacked standing to bring these claims.

**REVERSED and REMANDED.**

---

[1] On appeal, Martin asserts Aviation has an interest under an alter-ego theory. However, that argument was not raised before the district court, and relies on factual findings that were not made below. We decline to reach this argument on appeal. *Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011) ("[W]e generally will not consider arguments raised for the first time on appeal.").