IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**WORLD FUEL SERVICES, INC.,**

        Plaintiff/Counter-Defendant,

v.

**ANDREW M. MARTIN,**

        Defendant/Counter-Claimant.

Case No. 3:16-cv-02303-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Plaintiff and Defendant have both filed a motion to strike evidence offered during the course of the summary judgment briefing in this case. Plaintiff moved to strike in its reply brief in support of its motion for summary judgment. Pl.'s Reply [ECF 59] at 4. Defendant filed his Motion to Strike [ECF 92] separately, in response to a declaration submitted by Plaintiff's counsel. Second Decl. Swietzer [ECF 88] ("Swietzer Decl."). I consider both motions in advance of my ruling on Plaintiffs Motion for Summary Judgment. [ECF 52].

    Plaintiff takes issue with deposition testimony by a former executive of one of the entities involved in this case. Pl.'s Reply [59] at 4-5; Stephens Decl. [ECF 55-3]. For his part, Defendant challenges the admissibility of two documents—an expert report [ECF 88-1] and a complaint filed in a related but unconnected court proceeding [ECF 88-2]; Def. Mot. to Strike [92] at 2.

    Upon review, I GRANT in part Plaintiff's motion, and I GRANT Defendant's motion in full.

1 –OPINION AND ORDER

# DISCUSSION

In this case, Plaintiff sued Defendant for fraudulent conveyance of a trust deed on a piece of real property owned by Evergreen Holdings, Inc. ("Holdings"). Second Am. Compl. [ECF 18] at 4 ("Compl."). Holdings had several subsidiaries, including Evergreen International Airlines, Inc. ("Airlines"), Evergreen Aviation, Inc. ("Aviation"), and Evergreen Vintage Aircraft, Inc. ("Vintage"). *Id.* ¶ 6; Pl.'s Supp. Memo on Mot. for Summ. J. [ECF 87] at 13. Plaintiff supplied fuel to Airlines, and Holdings guaranteed the debt Airlines incurred for the fuel. Compl. [18] ¶ 7; Pl.'s Mot. for Summ. J. [ECF 52] at 19. In an unrelated chain of events, Defendant made a personal loan to Aviation, secured by a trust deed on a piece of real property owned by Holdings. Compl. [18] ¶¶ 11-12. Plaintiff later sued to collect on Airlines' fuel debt, received a judgment in its favor, and registered the judgment as a lien on the same piece of property that secured Defendant's loan. *Id.* ¶¶ 9-10. Plaintiff has now sued Defendant for fraudulent conveyance of the trust deed.

## I.    Plaintiff's Motion

In his briefing, Defendant attempted to explain why his personal loan to Aviation needed to be secured with the trust deed. Def.'s Resp. to Mot. for Summ. J. [ECF 54] at 13. In support of this explanation, he offered deposition testimony from Blythe Berselli, a former executive at Aviation, who testified that the owner of the company loaned his own funds to Aviation with the expectation that those funds would be paid back. *Id.*; Stephens Decl. [ECF 55-3] at 3-9. Plaintiff contends that Ms. Berselli's testimony as to the terms of the loan to the company owner is inadmissible hearsay because that testimony was not based on her personal knowledge. Pl.'s Reply to Mot. for Summ. J. [ECF 59] at 4-5 ("Pl. Reply").

Plaintiff does not identify any specific statements that it believes are hearsay. Pl. Reply [59] at 4-5. Rather, it cites to several pages in the deposition transcript in their totality. *Id.* It is not the case that the entirety of this testimony constitutes hearsay. Fed. R. Ev. 801. In fact, Plaintiff has not identified any out of court statement that Ms. Berselli relayed in her testimony. Rather, Plaintiff's argument amounts to a question of whether Ms. Berselli had first-hand personal knowledge of the terms of the loan or whether she relied on second-hand knowledge. Pl. Reply [59] at 4-5. With this distinction in mind, I grant Plaintiff's motion to the extent that Ms. Berselli's testimony relies on information that arose out of meetings or phone calls with Banner Bank or other "lenders" that Ms. Berselli did not attend. Stephens Decl. [55-3] at 62:20-24. I deny the motion as to any statements or information relying on meetings with other Aviation executives, which Ms. Berselli did attend, as she therefore had first-hand personal knowledge of those meetings and conversations. *Id.*

## II.     Defendant's Motion

Relevant to Plaintiff's fraudulent conveyance claim is the question of whether Holdings and Aviation were insolvent at the time Holdings transferred the trust deed to Defendant. Mot. for Summ. J. [54] at 15-16; ORS § 95.230(1). Plaintiff has produced both pieces of evidence at issue in this motion as proof that Holdings and its subsidiaries Aviation and Vintage were insolvent during the period of time in question. Pl. Supp. Memo. on Mot. for Summ. J. [ECF 87] at 8. Defendant argues that both pieces of evidence should be stricken from the record because they are inadmissible and should not be considered, albeit for different reasons. Def. Mot. to Strike [ECF 92] at 2-3.

A. **The expert report**

The expert report at issue here was originally prepared for and admitted as part of Evergreen International Aviation, Inc.'s Chapter 7 bankruptcy proceedings. Sweitzer Decl. [88] at 1. Plaintiff relies on the report as evidence that Evergreen Aviation—the recipient of Defendant's personal loan and the alleged fraudulent conveyance in these proceedings—was insolvent at the time of the loan and subsequent conveyance of property. Mot. for Summ. J. [ECF 87] at 9-10. Defendant challenges the admissibility of the report pursuant to Federal Rule of Civil Procedure 56, which governs summary judgment motions. Def. Mot. [92] at 2. Under that rule, a declaration used to support a motion for summary judgment must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify to the matters stated." FRCP 56(c)(4). For purposes of that rule, there is no distinction between an expert report that is itself sworn and an expert report accompanied by a sworn declaration from the expert himself. *Amer. Fed. of Musicians of United States and Canada v. Paramount Pictures Corp.*, 903 F.3d 968, 976-77 (9th Cir. 2018).

If Plaintiff had attached the report to a declaration sworn by George Miller ("Mr. Miller"), the expert who prepared the report, there would be no problem of admissibility. But Plaintiff attached the report to a declaration sworn by Plaintiff's attorney, which makes this a harder case. The Ninth Circuit has held that such a case is distinguishable from a scenario in which the expert swears the declaration. *Amer. Fed. of Musicians*, 903 F.3d at 977. In doing so, the court has suggested, but not held, that a declaration by plaintiff's counsel is insufficient to render admissible an unsworn expert report. *Id.*, (citing *Fowle v. C&C Cola, a div. of ITT-Continental Baking Co.*, 868 F.2d 59, 67 (3d Cir. 1989) (excluding unsworn expert report where plaintiff's attorney had sworn the declaration and the expert had not)).

4 –OPINION AND ORDER

Other factors, aside from the identity of the declarant, also contribute to the admissibility inquiry. For example, a subsequent affidavit or deposition by the expert may cure the deficiency in the unsworn report. *See Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 539 (4th Cir. 2015). And an unsworn report that otherwise meets the requirements of FRCP 56—personal knowledge, admissible in evidence, and a competent affiant—may be admissible on the discretion of the court. *See Competitive Technologies, Inc. v. Fujitsu Ltd.*, 333 F. Supp.2d 858, 863-64 (N.D. Cal. 2004). But this final rule applies only where the unsworn report is submitted by the nonmoving party. *Id.* at 863 (explaining that the nonmoving party is "held to a less exacting standard").

None of these further caveats and exceptions apply here. Plaintiff has not offered a subsequent affidavit or deposition on behalf of Mr. Miller that might cure the deficiency in the report. And while the contents of the expert report do appear to meet the requirements of FRCP 56, Plaintiff is the moving party in this action. Mot. for Summ. J. [87]. It is not entitled to be held to a "less exacting standard." Rather, Plaintiff must be held to the standard set forth in FRCP 56(c)(4), which requires that factual evidence be presented by way of a sworn declaration. Finally, Plaintiff has not given the court any reason why Mr. Miller could not have sworn a declaration to be attached to his report. The report is therefore inadmissible, and I will not consider it as part of my assessment of the motion for summary judgment.

B.   **The complaint**

The complaint at issue here was originally filed against Plaintiff as part of the bankruptcy proceedings for Vintage, one of Holdings' subsidiaries. Vintage Compl. [88-2] at 1. In the complaint, Vintage asserted that it was insolvent at the time that it entered into a series of transactions with Plaintiff. Vintage Compl. [88-2] at 4. Although Vintage is not a party to this

case, Plaintiff has relied on these assertions in the present litigation as evidence that Holdings' subsidiaries were indeed insolvent at the time the disputed trust deed secured Defendant's personal loan to Aviation. Supp. Mot. for Summ. J. [87] at 13-14.

Defendant argues that this complaint is inadmissible hearsay. Def. Mot. [92] at 2. "Hearsay" is an out-of-court statement offered into evidence to prove the truth of the matter asserted. Fed. R. Ev. 801(c)(1)-(2). The complaint fits that definition. The statements in the complaint were made outside of this court proceeding, and Plaintiff has offered them to prove that Vintage and other subsidiaries were, in fact, insolvent. For the complaint to be admissible, then, it must be admissible under some exception to the hearsay rule. Fed. R. Ev. 801-803.

Plaintiff has offered three theories of admissibility: (1) the complaint is a statement against interest (FRE 804(b)(3)); (2) the complaint is admissible by way of the "curative admissibility" doctrine, and (3) the complaint should come in under the "catchall" exception to the hearsay rule. Fed. R. Ev. 807; Pl.'s Resp. [ECF 96] at 6-8.[1] I address each argument in turn.

Federal Rule of Evidence 804(b)(3) provides that a statement made by an unavailable declarant may be admissible if the statement goes against the declarant's proprietary or pecuniary interest. At the outset, Plaintiff has not explained why the declarant is unavailable for purposes of FRE 804. Pl.'s Resp. [96] at 6-7. Acceptable reasons for unavailability include exemptions based on a privilege against testifying, refusal to testify in the face of a court order, testimony that the declarant does not remember, death, infirmity, or the statement's proponent has not been able to procure the declarant's attendance through service or "other reasonable

---

[1] Plaintiff also argues that the evidence is relevant (Pl.'s Resp. [96] at 4), but relevance is not responsive to the question of whether the evidence is inadmissible hearsay, and Defendant has not argued that any of this evidence is irrelevant. I therefore do not consider that argument in my analysis, as it is neither here nor there.

6 – OPINION AND ORDER

means." Fed. R. Ev. 804(a)(1)-(5). Plaintiff has not proffered any of these reasons to explain why the declarant—Vintage—is "unavailable" for purposes of this declaration. In fact, Plaintiff suggests that "former employees" will be able to testify at trial to Vintage's insolvency. Pl.'s Resp. [96] at 6. It appears, then, that Vintage is not unavailable, and FRE 804 does not apply.

Assuming *arguendo* that the rule would apply, Plaintiff's argument still fails. In order to be considered "against interest," the hearsay statement in question must be "so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else" that the only reason to make the statement is that the statement was true. Fed. R. Ev. 804(b)(3)(A). Here, Vintage made the statements in the proffered complaint in order to support its fraudulent conveyance claim. Vintage Compl. [88-2] ¶ 18. The statements bolstered its claim for relief. Those statements were self-serving, in Vintage's pecuniary interest, and FRE 804(b)(3) does not apply.

Next, Plaintiff argues that the complaint should come in because Defendant "opened the door" to this evidence, and the "curative admissibility" doctrine applies. Pl.'s Resp. [96] at 7. Under this doctrine, "the introduction of inadmissible evidence by one party allows an opponent, in the court's discretion, to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission." *U.S. v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988). As in *Whitworth*, the doctrine typically applies during trial when one party offers inadmissible testimony during direct examination, for example, and the other party is permitted to rebut that evidence during cross-examination. *See, e.g., Nguyen v. Southwest Leasing and Rental Inc.*, 282 F.3d 1061, 1067-68 (9th Cir. 2002); *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1352 (9th Cir. 1987).

7 –OPINION AND ORDER

Plaintiff is not persuasive that this doctrine should be extended to apply under these circumstances. First, this is because the proper remedy in summary judgment, if Plaintiff believes Defendant has proffered inadmissible hearsay evidence, is a motion to strike. At trial, once a jury has heard testimony, it is difficult to strike that evidence from the jurors' minds. For that reason, it is often most equitable to simply allow rebuttal testimony. In contrast, no rebuttal is necessary here because another remedy is equally effective.

Second, and more to the point at issue in the parties' briefing, Defendant did not "open the door" to the question of whether Holdings and its subsidiaries were insolvent. That question is central to Plaintiff's claim for relief and to its motion for summary judgment. Indeed, the insolvency of the transferor is one of the elements of a fraudulent conveyance claim. ORS § 95.230(2)(i). Plaintiff offered the Vintage complaint as affirmative evidence that Vintage was insolvent at the time of the contested transfer in this case. Pl. Supp. Memo. [ECF 87] at 8-9. Plaintiff did not introduce this evidence to rebut an inadmissible argument by Defendant. Plaintiff introduced the evidence to bolster its own affirmative position, and the curative admissibility doctrine does not apply.

Finally, Plaintiff argues that the complaint is admissible under Federal Rule of Evidence 807, the "catchall" rule. Pl.'s Resp. [96] at 8. That rule provides: an otherwise inadmissible hearsay document is not excludable if:

> **(1)** the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> **(2)** it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

8 – OPINION AND ORDER

A statement qualifying under this exception must have "equivalent circumstantial guarantees of trustworthiness. *United States v. $11,500 in U.S. Currency*, 710 F.3d 1006, 1014 n.3 (9th Cir. 2013) (citing Fed. R. Ev. 807(a)(1)).

No such guarantees have been provided here. Plaintiff has offered no evidence corroborating the assertions in the Vintage complaint. For example, no former Vintage employees have sworn to its veracity, and Plaintiff has not cited to any evidence showing that the bankruptcy court found the alleged facts to be true. It is also not clear that this complaint—which is alleged, not proven—is more probative than any other evidence on the issue of Vintage's insolvency. The residual hearsay rule is therefore not the proper vehicle for the admission of the Vintage complaint.

Plaintiff has not identified any means by which the Vintage complaint is admissible. I therefore grant Defendant's motion and will not consider the Vintage complaint in my assessment of Plaintiff's motion for summary judgment.

## CONCLUSION

Upon review, I GRANT in part Plaintiff's Motion to Strike [59] at 4. I also GRANT Defendant's Motion to Strike [92] in its entirety. As outlined above, the stricken evidence will not be admitted for purposes of my consideration of Plaintiff's Motion for Summary Judgment [54].

IT IS SO ORDERED.

DATED this 1̲3̲ day of January, 2020.

                                                   MICHAEL W. MOSMAN
                                                   United States District Judge